PER CURIAM.
This matter is béfore the Court on a proposed rule concerning the competency and qualifications of counsel appointed to represent indigent defendants in capital cases where the services of the public defender are not available because of a conflict of interest. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution. For the reasons expressed below, we decline to rule on this matter at this time.
We recognize that other states have adopted minimum standards for counsel in capital cases. See, e.g., Ind. R.Crim. P. 24; Ohio Sup. R. 20; Va.Code Ann. § 19.2-163.8(E) (Michie 1997). In Florida, the legislature has recently enacted a bill which addresses the need for minimum standards for capital counsel. See Fla. SB 1328 (1998) (Second Engrossed). The bill takes effect July 1, 1998. See id. at § 7. One of the provisions of this act provides for the formation of the Commission on Legislative Reform of Judicial Administration (Commission). See id. at § 5(2). The Commission is charged with the duty to study the feasibility of judicial administration reforms, including *1150 minimum standards for counsel in capital cases. See id. The Commission is to submit a report to the legislature no later than January 1, 1999. See id.
' Therefore, based on these recent developments, we defer this matter until the legislature has had a chance to address this issue.
It is so ordered.
OVERTON, WELLS and HARDING, JJ., and GRIMES, Senior Justice, concur.
KOGAN, C.J., dissents with an opinion, in which SHAW and ANSTEAD, JJ., concur.